# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| Brittany Rose, | ) |
|---|---|
| Plaintiff, | ) Case No.: 1:17-cv-00252 |
| vs. | ) Judge Michael R. Barrett |
| Bersa et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant Eagle Imports' ("Eagle Imports") and Defendant Bersa's ("Bersa") Motion to Dismiss due to insufficient process and service of process pursuant to Rules 4, 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure ("Rules"). (Doc. 9). Plaintiff filed a Motion to Deem Eagle Imports Properly Served and for the Court to provide a reasonable time to complete service on Bersa. (Doc. 11). Eagle Imports responded, (Doc. 15), and Plaintiff replied, (Doc. 16).

To start, the Court notes that Defendants raised the defenses of insufficient process and insufficient service of process in their Answer, (Doc. 8), and included arguments surrounding process and service in their Motion for Judgment on the Pleadings, (Doc. 9 (citing Rule 12(c)). The parties rely on affidavits and other materials outside of the pleadings to support their arguments surrounding service. (Docs. 9, 11, 15, 16, 20). Rule 12(d) provides that "[i]f, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Despite Rule 12(d)'s instruction, "it is improper to raise a challenge to service of process in a summary judgment motion because the defense involves a matter in abatement and does not go to the merits of the action." *King v. Taylor*, 694 F.3d 650, 657 n.2 (6th Cir. 2012) (internal quotation marks and citations omitted). "Nevertheless, when the defense has been preserved in an answer and is later raised in a pre-trial motion, a court will look past the label chosen by the movant and treat the motion as a request for a ruling on the defense made under . . . Rule 12(i)." *Id.*; *see* Fed. R. Civ. P. 12(i) ("If a party so moves, any defense listed in Rule 12(b)(1)-(7) . . . and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.").

In light of the above, the Court will decide the issues surrounding process and service of process first and those portions of Defendants' Motion for Judgment on the Pleadings that do not address process and service of process, (Doc. 9), and Plaintiff's Motion to File a First Amended Complaint, (Doc. 12), remain pending. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also King*, 694 F.3d at 655; *O.J. Distrib., Inc. v. Hornell Brewing Co.*, Inc., 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").

## I. BACKGROUND

Plaintiff filed her Complaint on April 18, 2017, and alleges that she was severely injured while target shooting with a Bersa Thunder 380 semi-automatic pistol. (Doc. 1).

She states that Bersa is the Argentinian company that manufactured the pistol and Eagle Imports is Bersa's North American distributor. (*Id.*).

On May 18, 2017, counsel for Eagle Import's emailed Plaintiff's counsel a letter regarding this case and their prior "conversation regarding preservation of the physical evidence and defendant's request for certain information and documents that would help [Eagle Imports] analyze and consider [her] claims." (Doc. 11, Attachment 4). Eagle Import's counsel emailed Plaintiff's counsel about the letter in July 2017. (*Id.*, Attachment 5). Plaintiff's counsel responded with the requested documentation on August 7, 2017. (Doc. 20, Attachment 1).

On August 10, 2017—114 days after she filed her Complaint—Plaintiff filed Requests for Issuance of Summonses for Defendants. (Docs. 2, 3). In the Request for Bersa, filed at 9:07 A.M., in the box titled "Defendant's name and address," Plaintiff wrote "Bersa c/o Eagle Imports 1750 Brielle Ave, Unit B-1 Wanamassa, NJ 07712." (Doc. 2). In the Request for Eagle Imports, filed at 9:08 A.M., in the box titled "Defendant's name and address," Plaintiff wrote "Eagle Imports 1750 Brielle Ave, Unit B-1 Wanamassa, NJ 07712." (Doc. 3). That morning, at 9:22 A.M., the Clerk issued Summonses which included the Clerk's signature.[1] (Doc. 4). Each Summons had "Summons in a Civil Action" as the first page and "Proof of Service" as the second page. (*Id.*). That same morning, at 9:57 A.M., Sandra M. Martin ("Ms. Martin"), Plaintiff's counsel's paralegal and secretary, emailed a New Jersey service processor copies of the Summonses and Complaint to serve "on both Bersa and Eagle Imports." (Doc. 16, Attachments 1-4).

---

[1] The Clerk's Deputy Clerk signed the Summons. (Doc. 4); *see* 28 U.S.C. § 751 (authorizing the clerk of each district court to appoint deputies).

3

On August 14, 2017, Plaintiff's counsel filed copies of the "Proof of Service" pages as proof that the Summonses were returned as executed. (Docs. 5, 6). For Bersa, Plaintiff submitted the page signed by the New Jersey service processor which states that he received the Summons on August 10, 2017, "served the Summons on [] Suzanna Lewis, Operations Manager, who is designated by law to accept service of process on behalf of [] Bersa," on August 10, 2017, at 2:40 P.M., and "was told that Bersa is supplier, and Eagle is their customer." (Doc. 5). For Eagle Imports, Plaintiff submitted the page signed by the same New Jersey service processor which states that he received the Summons on August 10, 2017, and "served the Summons on [] Suzanna Lewis, Operations Manager Eagle, who is designated by law to accept service of process on behalf of [] Eagle Imports, Inc.," on August 10, 2017, at 2:40 P.M. (Doc. 6).

On August 30, 2017, Bersa and Eagle Imports filed their Answer. (Doc. 8). As reflected on the docket sheet, the Court held a telephone Scheduling Conference in December 2017 and counsel for the parties appeared. On January 2, 2018, Bersa and Eagle Imports filed their Motion for Judgment on the Pleadings. (Doc. 9). On January 11, 2018, Plaintiff filed a motion for an extension of time to respond to Defendants' Motion for Judgment on the Pleadings, (Doc. 10), which the Court granted, (Doc. 22). On January 16, 2018, Plaintiff filed a Motion to Deem Eagle Imports Properly Served and for the Court to provide a reasonable time to complete service on Bersa. (Doc. 11). Plaintiff attached an affidavit of Ms. Martin, Eagle Import's May 2017 letter, and emails between Plaintiff's counsel and Eagle Import's counsel. (*Id.*, Attachments 1-5). On January 31, 2018, Plaintiff filed a Motion to File a First Amended Complaint and to Overrule Defendants' Motion for Judgement on Pleadings as Moot. (Doc. 12).

Eagle Imports filed a Response[2] opposing Plaintiff's motion that it be deemed served. (Doc. 15). Eagle Imports attached an affidavit of Maria Kernasovic, the company's Vice President and Chief Financial Officer. (*Id.*, Attachment 1). Ms. Kernasovic's affidavit includes, as exhibits, (A) an April 18, 2017, letter from Plaintiff's counsel's law firm addressed to "Bersa c/o Eagle Imports 1750 Brielle Ave, Unit B-1 Wanamassa, NJ 07712" requesting waiver of service; (B) "[a] true and correct copy of the summons addressed to 'Eagle Imports'" that Eagle Imports states it received on August 10, 2017, which is not signed by the Clerk; and (C) "[a] true and correct copy of the summons addressed to 'Bersa c/o Eagle Imports'" that Eagle Imports states it received on August 10, 2017, which is similarly not signed by the Clerk. (*Id.*, Exhibits A-C).

Plaintiff replied and attached (1) a second affidavit of Ms. Martin; (2) a copy of the signed Summonses that the Clerk issued and Ms. Martin states she emailed to the process server on August 10, 2017; (3) a February 9, 2018, email from the process server to Ms. Martin forwarding to Ms. Martin the two attachments that the processes sever received from her on August 10, 2017; (4) a PDF attachment of the signed Summonses that Ms. Martin states the service process received on August 10, 2017; and (5) a PDF attachment of the Complaint that Ms. Martin states the service processor received on August 10, 2017. (Doc. 16, Attachments 1-5).

In Plaintiff's reply supporting her Motion to File a First Amended Complaint, she confusingly attaches (1) a "corrected affidavit of Sandra M. Martin," which appears to be a corrected version of Ms. Martin's first affidavit; (2) a copy of a domestic return receipt card

---

[2] In it, Eagle Imports places all citations in footnotes. (Doc. 15); *but see* Standing Order on Civil Procedures, Michael R. Barrett, I.G. ("all briefs and memoranda shall comport with the following: . . . Citations to be in main body of text and not in footnotes").

addressed to "Bersa c/o Eagle Imports 1750 Brielle Ave, Unit B-1 Wanamassa, NJ 07712," received by "S. Lewis," delivered on April 24, 2017, and signed by "SM Lewis;" (3) a copy of second domestic return receipt card addressed to "Eagle Imports 1750 Brielle Ave, Unit B-1 Wanamassa, NJ 07712," received by "S. M. Lewis," delivered on April 25, 2017, and signed by "SM Lewis;" (4) Eagle Import's May 2017 letter; and (5) emails from Defendants' counsel to Plaintiff's counsel. (Doc. 20, Attachments 1-5).

## II. PARTIES' ARGUMENTS

Defendants ask the Court to dismiss the case and state that, although "Eagle Imports was served by process server on August 10, 2017," service occurred outside the 90-day period required by Rule 4(m) and Plaintiff has not provided good cause for the untimely service. (Doc. 9). Regarding Bersa, Defendants argue that "Plaintiff has not requested an extension of time to serve Bersa nor otherwise taken any steps to effectuate valid, lawful international service on Bersa in Argentina through the Hague Convention or the Inter-American Convention on Letters Rogatory." (*Id.*).

Plaintiff concedes that it served Eagle Imports outside of the 90-day period, asserts that it has good cause for the delay, and states that, "[u]nder those circumstances, it seems appropriate to extend time." (Doc. 11). Plaintiff argues that the good cause was her counsel's May 2017 and July 2017 conversations with Eagle Imports' counsel about the possibility of early settlement, Plaintiff's production of extrajudicial discovery to facilitate such settlement, and, the fact that, immediately after her counsel learned that Eagle Imports' counsel could not waive service, her counsel "had the Clerk issue the summons, which was promptly served." (*Id.*). With respect to Bersa, Plaintiff states that Rule 4(m)'s

6

90-day period does not apply to foreign companies and, "[n]ow that it is clear that Defendants do not intend to resolve the matter absent litigation, Plaintiff is initiating a letter rogatory under the Intra-American convention." (*Id.*).

Eagle Imports responds, and argues for the first time, that the Summons it received on August 10, 2017, was not signed by the Clerk in violation of Rule 4(a)(1)(F). (Doc. 15). Plaintiff replies stating that "it would have been impossible for the process server to serve [an] unsigned" Summons, as Ms. Martin only gave the process server a copy of the signed Summons. (Doc. 16).

## III. ANALYSIS

Rule 4 governs process and service of process. "A Rule 12(b)(4) motion concerns the form of process rather than the manner or method of service . . . [and] is proper only to challenge non-compliance with the provisions of Rule 4." *Garcia v. Rushing*, No. 4:11CV00734, 2012 WL 646061, at *1 (N.D. Ohio Feb. 28, 2012) (internal citations omitted). "A Rule 12(b)(5) motion challenges the mode of serving the summons and complaint." *Id.* (citing *Nafziger v. McDermott Inter., Inc.*, 467 F.3d 514, 520-21 (6th Cir. 2006)).

### A. Eagle Imports

A summons must "be signed by the clerk." Fed. R. Civ. P 4(a)(1)(F). Although the parties agree that Eagle Imports received a copy of a Summons and the Complaint from the service processor on August 10, 2017, they do not agree that the Summons was signed by the Clerk and have submitted conflicting affidavits with conflicting copies of the Summons allegedly served.

A comparison of the CM/ECF header stamps on Plaintiff's Request for Issuance of Summons for Eagle Imports, (Doc. 3), the Clerk's issued Summons for Eagle Imports, (Doc. 4), and the "true and correct copy of the summons addressed to 'Eagle Imports'" attached to Ms. Kernasovic's affidavit, (Doc. 15, Attachment 1, Exhibit B), reveals that the copy of the Summons that Eagle Imports states it received was stamped as "Doc. #4" i.e., the Clerk's issued Summons, (*id.*). Therefore, to the extent that Eagle Imports relies on *Wilson v. A&K Rock Drilling, Inc.*, No. 2:16-CV-739, 2016 WL 4836685, at *1 (S.D. Ohio Sept. 15, 2016), to argue that Plaintiff "erroneously served the unsigned summons form that [s]he had previously filed with the court as a Request for Issuance of Summons," the Court is not persuaded.

The Court notes that Eagle Imports did not initially argue that the Summons it received was not signed by the Clerk and finds that Plaintiff requested and received a signed Summons from the Clerk. (Docs. 3, 4, 9). The Court also finds that Eagle Imports received notice of the lawsuit, as it filed its Answer 20 days after receiving the Summons. The Court notes that Eagle Imports filed a Motion for Judgment on the Pleadings, (Doc. 9), and its attorneys filed motions for leave to appear *pro hac vice* on its behalf and participated in a status conference. (Docs. 8, 9, 13, 14). Moreover, Eagle Imports has not explained how it was prejudiced from the alleged technical error.

Consequently, even assuming that the Summons that Eagle Imports received did not bear the Clerk's signature, the Court finds that such an error would be a non-prejudicial, technical defect, based on the facts of this case, and would not warrant dismissal. However, out of an abundance of caution and as the Court will not make a credibility determination regarding the parties' competing affidavits, the Court will order Plaintiff to re-

serve Eagle Imports with a copy of the signed Summons and Complaint within 15 days from the date of this order. *Cf. Malibu Media, LLC v. Doe*, No. CIV.A. ELH-13-03438, 2015 WL 4775337, at *9 (D. Md. Aug. 13, 2015) (holding dismissal not warranted but ordering plaintiff to serve defendant with a copy of summons and complaint that fully comply with Rule 4, where the parties relied "on competing affidavits and conflicting copies of the summons purportedly served").

Turning to the question of the timeliness of service of process, Eagle Imports argues that Plaintiff has not requested an extension of time. (Docs. 9, 15). The Court disagrees. In Plaintiff's Motion to Deem Eagle Imports Properly Served, after her good cause analysis, she states that "[u]nder those circumstances, it seems appropriate to extend time [to serve Eagle Imports]." (Doc. 11). Although counsel for Plaintiff could be more articulate in the characterization of his filings in the future, the Court will construe Plaintiff's Motion as a Motion for an Extension of Time to Serve Eagle Imports up to August 10, 2017.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, provides that

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). Although Rule 4(m) does not define "good cause," this Court has held that Rule 4(m)'s first sentence means that, "regardless of the absence of good cause and whenever a plaintiff fails to perfect service within [90][3] days after filing a complaint,"

---

[3] The 2015 Amendments to Rule 4(m) reduced the presumptive time to serve a defendant from 120 days to 90 days. *See* Fed. R. Civ. P. 4, Advisory Committee Notes, 2015 Amendment, Subdivision (m).

"a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time." *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018) (internal citations omitted); *see Osborne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 406 (S.D. Ohio 2003). If, however, a plaintiff demonstrates good cause for her failure to complete timely service, Rule 4(m)'s second sentence removes the court's discretion and the court must extend the time for service. *See Boulger*, 306 F. Supp. 3d at 993; *Osborne*, 217 F.R.D. at 406.

> The Advisory Committee notes to the 1993 Amendments to Rule 4(m) state that
>
> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment, Subdivision (m); *see Osborne*, 217 F.R.D. at 406. The United States Supreme Court ("Supreme Court") discussed the 1993 Amendments in *Henderson v. United States*, 517 U.S. 654 (1996), and explained that, in them, "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662; *see Osborne*, 217 F.R.D. at 406-07. Further, as this Court has previously noted,

> In the wake of Rule 4(m)'s adoption, a number of federal courts of appeals also have concluded that good cause no longer stands as an absolute prerequisite to extending the time for obtaining proper service of process. Rather, these circuit courts have determined that Rule 4(m) provides a district court with the discretion to extend the time for service of process even without a showing of good cause. *See, e.g.*, *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995); *Davies v. Richards*, 1999 WL 26913 (4th Cir.1999); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340-341 (7th Cir.1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887

(8th Cir.1996); *DeTie v. Orange County*, 152 F.3d 1109, 1111 n. 5 (9th Cir.1998); *Espinoza v. United States*, 52 F.3d 838, 840-841 (10th Cir.1995).

*Osborne*, 217 F.R.D. at 407.

After the implementation of the 1993 Amendments, the Sixth Circuit "addressed a plaintiff's failure to obtain timely service of process in" *Byrd v. Stone*, 94 F.3d 217 (6th Cir.1996), and *Catz v. Chalker*, 142 F.3d 279 (6th Cir.1998). *Osborne*, 217 F.R.D. at 407. However, "neither *Byrd* nor *Catz* turned upon a judicial finding that the absence of good cause precluded a plaintiff from effecting service of process after 120 days" and, "in both cases, the Sixth Circuit's statement that a lack of good cause compels dismissal under Rule 4(m) is *dicta*." *Id.* Thereafter, "the Sixth Circuit recognized that Rule 4(m) grants the district court discretion to extend the time period for service of process, even in the absence of good cause." *Id.* (citing *Stewart v. Tenn. Valley Auth.*, 238 F.3d. 424, 2000 WL 1785749, at *1 (6th Cir. 2000)). In *Stewart*, the Sixth Circuit explained that

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause.

*Id.* (citing *Henderson*, 517 U.S. at 662).

Subsequently, in *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005), the Sixth Circuit appears to have required that the plaintiff establish "good cause" by demonstrating "excusable neglect." *Id.* at 649-50. There, the plaintiff moved to reissue summonses for certain defendants more than 120 days after he filed a second amended complaint, the district court denied the motion, and the Sixth Circuit affirmed, holding that a plaintiff "must

11

show that his failure to act [within the 120 days under Rule 4(m)] was the result of excusable neglect." *Id.* at 650 (citing Fed. R. Civ. P. 6(b) (2005)). A year later, however, the Sixth Circuit utilized the "excusable neglect" standard with respect to a district court's denial of a plaintiff's motion to file an amended complaint out of time and not with respect to the district court's determination that the plaintiffs failed to demonstrate good cause for missing Rule 4(m)'s 120-day deadline. *Nafzinger*, 467 F.3d at 520-21. Rather, the Sixth Circuit discussed "a district court's 'discretionary determination' of whether good cause has been shown." *Id.* at 521.

Most recently, the Sixth Circuit discussed Rule 4(m) in *King* and held that the defendant "forfeited his service defense through his extensive participation in the litigation," including filing a Rule 26(f) report, participating in discovery on the merits, attending depositions, moving to amend the court's scheduling order, joining a motion to extend the discovery deadline, and attending a status conference, and "the district court abused its discretion in ruling otherwise."[4] 694 F.3d at. at 658.

Finally, the Advisory Committee notes following the 2015 Amendments to Rule 4(m) state that "[s]hortening the presumptive time for service [from 120 days to 90 days] will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an informa pauperis action." Fed. R. Civ. P. 4, 2015 Advisory Committee Notes, Subdivision (m).

---

[4] The Sixth Circuit reviews a district court's determination regard forfeiture and dismissal for insufficient service and service of process under the abuse of discretion standard. *King*, 694 F.3d at 659; *Nafzinger*, 467 F.3d at 521.

In light of the Supreme Court's decision in *Henderson*, the Sixth Circuit's holding in *Stewart*, this Court's decisions in *Osborne* and *Boulger*, the authority from other circuits following the 1993 Amendments to Rule 4, the language of Rule 4(m) itself, and the Advisory Committee notes to the 2015 and 1993 Amendments, the Court finds that Rule 4(m) permits a district court the discretion to allow late service, even where a plaintiff fails to demonstrate good cause. *See Henderson*, 517 U.S. at 662; *Stewart*, 2000 WL 1785749, at *1; *Boulger*, 306 F. Supp. 3d at 993; *Osborne*, 217 F.R.D. at 406; Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4, Advisory Committee Notes, 2015 Amendment, Subdivision (m); Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment, Subdivision (m); *see also Smith v. Grady*, 960 F. Supp. 2d 735, 749 (S.D. Ohio 2013).

Using the discretion afforded under Rule 4(m), the Court finds Plaintiff's 24-day delay in serving Eagle Imports permissible.[5] *See id.* First, Plaintiff appears to have attempted to obtain a waiver of service from Eagle Imports. (Doc. 15, Attachment 1, Exhibit A); (Doc. 20, Attachments 1, 2). The Court agrees with Eagle Imports, however, that Plaintiff's attempt failed, as it was only addressed to "Bersa c/o Eagle Imports." (Doc. 15, Attachment 1, Exhibit A). Although Plaintiff's attempt was unsuccessful, it demonstrates that Eagle Imports had knowledge of this lawsuit as of April 2017 when they received the letter requesting waiver or as of May 2017 when Plaintiff's counsel and Eagle Import's counsel engaged in early settlement discussions. (Doc. 15, Attachment 1, Exhibit A); (Doc. 20, Attachments 1, 4). Next, the Court notes that Eagle Imports has retained three attorneys to represent it before this Court, received a copy of the Complaint, filed an Answer within 21-days of its receipt of the Complaint, participated in

---

[5] 90-days after Plaintiff filed her Complaint was July 17, 2017.

a telephone status conference, "and is willing to engage with the substance of the allegations (as evidenced by [its] Motion for Judgment on the Pleadings seeking a decision on the merits)." *See Boulger*, 306 F. Supp. 3d at 993. Additionally, Eagle Imports has not suggested that any prejudice will result from the 24-day extension and the Court can think of none other than the inherent prejudice of having to defend itself in this suit. S*ee Smith*, 960 F. Supp. 2d at 749. Finally, the Court notes that, in exercising its discretion to permit an extension of time, it "is acting consistently with the Sixth Circuit's 'preference for deciding cases on the merits.'" *Id.* at 749-50 (citing *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003)).

In light of the above, Eagle Import's Motion to Dismiss due to insufficient process and service of process pursuant to Rules 4, 12(b)(4), and 12(b)(5) is denied.

## B. Bersa

Rule 4(h)(2) governs international service of process on foreign businesses. Specifically, Rule 4(h)(2) authorizes service of process on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual [in a Foreign Country], except personal delivery." Fed. R. Civ. P. 4(h)(2).

Rule 4(f) provides three methods for service. First, Rule 4(f) allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Second, Rule 4(f) provides that, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," then service may be effectuated "as prescribed by the foreign country's laws for service in that country," as directed by the foreign authority "in response

to a letter rogatory or letter of request," or "by using any form of mail that the clerk addresses and sends to the [corporation] and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2). Third, Rule 4(f) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(m), by its plain language, "does not apply to service in a foreign country under Rule . . . 4(h)(2)." Fed. R. Civ. P. 4(m).

Eagle Imports states that it "is not an authorized agent for service on Bersa in the United States," as Bersa is a firearms supplier and Eagle Imports is their customer. (Doc. 9). Bersa states that "Argentina is a party to the Hague Convention and the Inter-American Convention on Letters Rogatory." (*Id.*). Most recently, Plaintiff stated that she was "initiating a letter rogatory under the Intra-American [(sic)] convention." (Doc. 11). Plaintiff does not cite whether she is doing so pursuant to Fed. R. Civ. P. 4(f)(1) or 4(f)(2)(B). The Court needs more information before it can make a finding regarding service on Bersa and orders that, within 15 days of the date of this order, Plaintiff notify the Court as to the status of her attempts to serve Bersa, or obtain a waiver of service from Bersa, pursuant to Rule 4. Plaintiff should provide as much detail as possible and avoid the need to submit additional, corrected attachments.

Finally, it appears that Bersa has three attorneys working on this case. Confusingly, though, its trial attorney has not made a formal appearance. Similarly, confusing is that, in their motions for leave to appear *pro hac vice*, two attorneys moved for admission as counsel for Eagle Imports only, (Docs. 13, 14), however, in the Response Opposing Plaintiff's Motion to Deem Eagle Imports as Served, the same two attorneys and Eagle Import's trial attorney signed the filing as "Counsel for Defendants Bersa and

15

Eagle Imports, Inc." (Doc. 15). Moreover, the two attorneys appearing *pro hac vice* notified the Court of their change of address and designated themselves as "attorneys of record for defendants, Bersa and Eagle Imports, Inc." (Doc. 21). Accordingly, the Court orders, within 15 days from the date of this order, that Defendants' attorneys clarify, via written notice to the Court, which Defendant or Defendants they represent.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion for an Extension of Time to Serve Eagle Imports up to August 10, 2017, (Doc. 11), is **GRANTED**;

2. Eagle Import's Motion to Dismiss due to insufficient process and service of process pursuant to Rules 4, 12(b)(4), and 12(b)(5), (Doc. 9), is **DENIED**;

3. Bersa's Motion to Dismiss due to insufficient process and service of process pursuant to Rules 4, 12(b)(4), and 12(b)(5), (Doc. 9), **REMAINS PENDING**;

4. Those portions of Defendants' Motion for Judgment on the Pleadings that do not address process and service of process, (Doc. 9), **REMAIN PENDING**;

5. Within 15 days from the date of this order:

    a. Plaintiff must re-serve Eagle Imports with a copy of the signed Summons and Complaint and file written notice on the Court's docket after doing so;

    b. Plaintiff must notify the Court, via written notice filed on the Court's docket, as to the status of her attempts to serve Bersa;

    c. Defendants' attorneys clarify, via written notice filed on the Court's docket, which Defendant or Defendants they represent.

**IT IS SO ORDERED.**

                                            <u>/s Michael R. Barrett</u>
                                            Michael R. Barrett, Judge
                                            United States District Court